Nial Sherwood Williams



RECEIVED

NOV 01 2023

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

P.O. Box 190353

Anchorage, Alaska 99519

(907) 215-0975

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Nial Sherwood Williams

    (Plaintiff)

COMPLAINT UNDER

THE CIVIL RIGHTS ACT

42 U.S.C. SECTION 1983

(NON-PRISONERS)

3:23-CV-00252-JMK

Margo Bellamy

Stephen C Brown

Tom Roth

Sarah Davies

Deena Bishop

Carl Jacobs

Kelly Lessens

Andy Holleman

Dora Wilson

Pat Higgins

Anchorage School District


## A. Jurisdiction

Jurisdiction is invoked under 28 U.S.C. Section 1343(a)(3) and 28 U.S.C. Section 1983. If you assert jurisdiction under any different or additional authorities please list them below.

Notice was given to parties pursuant to state law and no efforts were made to remedy the civil rights infringements contained herein. This notice of intent to sue was mailed to the parties principal address at Superintendent's Office. 5530 East Northern Lights Boulevard. Anchorage, Alaska 99504 on or about September 29, 2023 via USPS mail certified return receipt.

Here comes Plaintiff before Court.

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of Nial Sherwood Williams who presently resides at: P.O. Box 190353. Anchorage, Alaska 99519. were violated by the actions of the individuals named below.

2. Defendants

Defendant No. 1: Margo Bellamy is a citizen of the United States of America and is employed as Anchorage School Board Chair

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Defendant No. 2: Stephen C. Brown is a citizen of the United States of America and is employed as Security Anchorage School District

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Defendant No. 3: Tom Roth is a citizen of the United States of America and is employed as Chief Operations Officer Anchorage School District

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Defendant No. 4: Sarah Davies is a citizen of the United States of America and is employed as teacher for the Anchorage School District

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Defendant No. 5: Deena Bishop is a citizen of the United States of America and is employed was Superintendent of Anchorage School District

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Defendant No. 6: Carl Jacobs is a citizen of the United States of America and is employed as Anchorage School Board member

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Defendant No. 7: Kelly Lessens is a citizen of the United States of America and is employed as Anchorage School Board member

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Defendant No. 8: Andy Holleman is a citizen of the United States of America and is employed as Anchorage School Board member

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Defendant No. 9: Dora Wilson is a citizen of the United States of America and is employed as Anchorage School Board member

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Defendant No. 10: Pat Higgins is a citizen of the United States of America and is employed as Anchorage School Board member

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Defendant No. 11: Anchorage School District is an entity of the United States of America and is employed as an education provider

The Defendant **personally participated** in causing my injury, and I want **money damages and injunctive relief.**

Claim 1: On or about November 1, 2021, Margo Bellamy, (Defendant No. 1), Chair or President of the Anchorage School Board violated my right to free press. On or about November 1, 2021, Anchorage School Board held a regular public meeting at 5530 East Northern Lights Boulevard. Anchorage, Alaska 99519. These meetings are attended by the Anchorage School Board members, the Superintendent, executive school district staff, students, parents and members of the public. The Anchorage School Board meeting on November 1, 2021 was presided over by Defendant No. 1. On this date Nial Sherwood Williams, (Plaintiff), was in attendance at the meeting and exercising among other rights his right to free press and to record government officials in the course of their official duties during a School Board meeting. Plaintiff noticed a lack of attention in some of the members of the School Board and the executive level staff of the Anchorage School District and so he decided to take out his telephone to start recording. Plaintiff was

filming silently from a chair provided by Anchorage School District for members of the public. Plaintiff began by filming Superintendent Deena Bishop, (Defendant No. 5), as well as members of the School Board for a period of approximately 25 seconds. Then Plaintiff panned his camera towards Chief Operations Officer Tom Roth, (Defendant No. 3), who over the course of approximately the next minute or so made 3 nonverbal hand gestures towards Security personnel Stephen C. Brown, (Defendant No. 2). Defendant No. 2 came over to Plaintiff who was still sitting silently and filming that Plaintiff was, "disturbing others" by silently filming. Defendant No. 2 and Defendant No. 3 then have in audible conversation near Defendant No. 3 chair at the executive staff section of the Board room. Defendant No. 2 then returns to Plaintiff and states that Plaintiff "is being a distraction," and Defendant No. 2 tells Plaintiff to "stop filming."

At this moment which occurs at approximately 1:18:45 of the Anchorage School Board meeting from November 1, 2021 official record on Youtube, Sarah Davis, (Defendant No. 4), and a teacher for the Anchorage School District is the next testifier before the Anchorage School Board. This also occurs 2 minutes and 22 seconds into Plaintiff video of the Anchorage School Board, which is a total of 4 minutes and 41 seconds long. Immediately when approaching podium Defendant No. 4 chose not to speak to the Anchorage School Board but instead aimed her speech at the Plaintiff. Defendant No. 4 stated the Plaintiff silently filming from a chair was an "incredible distraction." Defendant No. 4 repeatedly asked Plaintiff to "stop filming," and Defendant No. 4 also

stated that Plaintiff filming, approximately 15 feet away in a chair, "was making her nervous."

Defendant No. 1 disrupted the entire flow of the meeting referring to Defendant No. 4 as a "witness" instead of a 'citizen' or 'testifier' or 'member of the public' as Defendant No. 1 would typically refer to a speaker not in the term of the former but of the latter. Defendant No. 1 told Plaintiff to stop filming and apologized to Defendant No. 4 and Defendant No. 2 told Defendant No. 1 that Plaintiff would, "stop filming." Defendant No. 1 continued to tell Plaintiff to "stop filming" and that Plaintiff was "making people nervous Sir." Plaintiff then replies to Defendant No. 1 stating "This is a public space and a public meeting, Madame. Freedom of the press, Madame." Then Defendant No. 1 tells Plaintiff he is "Out of Order" and Defendant No. 2 states that Plaintiff, "I am going to have to ask you to leave." At this point Plaintiff is required to leave based on previously agreed upon conditions of attending School Board meetings, that Plaintiff must leave when asked by a member of Anchorage School District promptly and courteously. Plaintiff responds that he "is exercising his right to the freedom of the press [Defendant No 2 interjects 'I agree'], in a freedom of assembly matter, first amendment rights, Sir" Plaintiff continued in saying to Defendant No. 2 that "So you do realize your committing a crime" and towards Defendant No 1 that "Madame President you are committing a crime for kicking me out of this meeting today. Respectfully I will leave, thank you. You violated my first amendment rights, Madame. Have a nice day. I will see you in federal

court, Madame." Defendant No. 1 violated Plaintiff right to free press and used her position of power to single out and humiliate Plaintiff in an effort to have new criminal charges filed against the Plaintiff. If Plaintiff would have resisted the demands of Defendant No 1 to stop filming and that Plaintiff was out of order, Plaintiff may have been subject to additional charges of criminal trespass. Defendant No. 1 asking the Plaintiff to stop filming and her sanctioning of Plaintiff being ejected for filming violated Plaintiff civil and constitutional right to free press and to record governmental officials in the course of their duties. This also occurred during a public meeting in a public building that was open to the general public. If the public does not have a right to film, how can an unbiased and objective record be maintained in an effort to hold public officials accountable? A member of the Anchorage School Board, Dave Donley "I don't think you get to suspend constitutional rights because somebody is nervous." Defendant

Claim 2: Stephen C. Brown, (Defendant No 2) violated my right to freedom of the press. Defendant No 2 acted at the direction of Defendant No. 3 and potentially Defendant No 1 to harass and intimidate the Plaintiff in repeated attempts to get him to stop filming. Defendant No. 2 asked Plaintiff to stop filming multiple times and once Defendant No 1 stated that Plaintiff was "Out of Order," Defendant No 2 used this as the signal to eject Plaintiff. Defendant No 2 said, "I am going to have to ask you to leave," referring to the Plaintiff after his repeated attempts to silence free press. Defendant No 2 even admitted to violating Plaintiff right to free press, stating "I know."

Claim 3: Tom Roth, (Defendant No 3), Chief Operations Officer for Anchorage School District violated my right to freedom of the press. Defendant No 3 used non verbal hand gestures to call the attention of Defendant No 2 to Plaintiff filming the Board room. Defendant No 3 as Chief Operations Officer oversees and fundamentally directs any Security activity and gives directives to Defendant No 2. Defendant No 2 acted at the direction of Defendant No 3, his boss to by any means necessary eliminate the perceived threat of transparency a camera can provide. Defendant No 3 utilized his position of power to direct security to stop Plaintiff from exercising freedom of the press during a public meeting on November 1, 2021.

Claim 4: Sarah Davies, (Defendant No 4), a teacher for Anchorage School District violated Plaintiff right to freedom of the press during the meeting of the Anchorage School Board on or about November 1, 2021. Defendant No 4 can be heard on the Anchorage School Board official Youtube public record starting at approximately 1:18:45, stating that Plaintiff filming was "an incredible distraction". Defendant No 4 repeatedly asked Plaintiff to stop filming. Defendant No 4 stated as well that Plaintiff, who was seated approximately 15 feet away, "was making her nervous," by filming. Defendant No 1 referring to Defendant No 4 as "a witness" cannot be discounted and may give rise to the appearance of a coordinated effort in multiple actors conspiring to violate Plaintiff right to freedom of the press. Defendant No 4 would in fact have been

referred to as a witness if Plaintiff refused to leave the meeting when instructed as it would have led to additional criminal charges being filed against the Plaintiff. Defendant No 4 acted as an agitator and disrupted the meeting when she chose to verbally attack a member of the public as opposed to directing her comments to the Chair of the School Board or the School Board at large.  This same behavior of Defendant No 4 has been stopped by Defendant No 1 in the past when members of the public, most often referred to as citizens or testifiers, would address the audience they would be admonished by Defendant No 1.  Defendant No 4 feelings about being filmed are on their very face preposterous.  Anchorage School District has many cameras, all over the building which record video and potentially audio as well.  There are no less than 3 cameras which actively film School Board meetings.  Members of both the syndicated and free and independent press attend meetings and use cameras from a cell phone all the way to very expensive audio visual equipment.  It is safe to say that no one has any expectation of privacy from cameras in a public meeting of a School Board.  Defendant No 4 an employee of the Anchorage School District worked in conjunction with other District employees and elected officials to conspire to deny Plaintiff right to exercise freedom of the press.  Defendant No 4 also stated that "Standing in front of a member of the community standing in front of them with a camera, is disruptive."  Defendant No 4 continued to create a false narrative even after Plaintiff being ejected, as Plaintiff was clearly filming from behind.  Defendant No 4 as the testifier in the room should expect that cameras and attention will be focused on her.

Claim 5: Deena Bishop, (Defendant No 5), Superintendent of Anchorage School District, on or about November 1, 2021 violated Plaintiff right to freedom of the press. Defendant No 5 although not directly responsible for oversight and maintaining order at the meeting has a duty to defend the Constitutional rights of citizens at meetings. Defendant No 5 sat by silently and did not challenge the unlawful activity of Defendant Nos. 1, 2, 3, 4. Defendant No 5 watched as Plaintiff was unlawfully ejected from a public meeting for silently filming. Defendant No 5 both had a duty to act and negligently failed to act to support and defend the constitutional right to freedom of the press of the Plaintiff.

Claim 6: Carl Jacobs, (Defendant No 6), an elected Anchorage School Board member on or about November 1, 2021 violated Plaintiff right to freedom of the press. Defendant No 6 after the unlawful ejection of the Plaintiff utilized his knowledge of Roberts Rules of Order to thwart Plaintiff right to freedom of the press. Mr Dave Donley, an elected member of the Anchorage School Board had appealed the ruling of the Chair, Defendant 1, to have Plaintiff ejected from the meeting. Defendant No 6 stated wrongly that there was no ruling of the Chair to eject Plaintiff. No less than 5 times Mr Donley appealed the ruling of the Chair, Defendant No 1 this occurred at approximately 1:19:45 - 1:28:25 of the official Anchorage School Board record of the meeting November 1, 2021. At each time Mr Donley appealed the ruling to eject Plaintiff by Defendant No 1, Defendant

No 6 would state there had been no ruling of the Chair to eject Plaintiff. This happened at least 5 times over the course of the approximately 8 plus minute argument by members of the Anchorage School Board. Each of these 5 times Mr Donley tried to correct the "Constitutional violation", Defendant No 6 violated his oath to the Constitution and chose to use Roberts Rules of Order and the lack of integrity of the rest of his colleagues, to deny Plaintiff right to freedom of the press. At this time Defendant No 1 called a 5 minute recess of the meeting. Defendant No 6 sat by silently and did not challenge the unlawful activity of Defendant Nos. 1, 2, 3, 4. Defendant No 6 watched as Plaintiff was unlawfully ejected from a public meeting for silently filming. Defendant No 6 both had a duty to act and negligently failed to act to support and defend the constitutional right to freedom of the press of the Plaintiff.

Claim 7: Kelly Lessens, (Defendant No 7), an elected Anchorage School Board member on or about November 1, 2021 violated Plaintiff right to freedom of the press. Defendant No 7 acted in support of the coordinated effort by Defendant Nos. 1, 2, 3, 4, to violate Plaintiff right to freedom of the press. Defendant No 7 made libelous and damaging statements on the record following Plaintiff ejection from the public meeting. These statements by Defendant No 7: "There are children in the room," and that filming "minors was not appropriate." This is both absurd on its face but libelous. Defendant No 7 made these statements knowing that the meeting was filmed by District cameras, that

there are often other syndicated and independent news crews at the meeting and that every parent and student alike has phones to be able to film. Defendant No 7 not only did not honor her oath the Constitution but intentionally made incendiary statements in an effort to disparage Plaintiff character. To intimate that Plaintiff recording paid executive level staff, elected officials, and Anchorage School District staff members is somehow infringing the privacy of children is ludicrous. Defendant No 7 even had the personal opportunity to apologize when Plaintiff served her and her child as a waiter in the Fall of 2022, however Defendant No 7 issued no such apology. Defendant No 7 sat by silently and did not challenge the unlawful activity of Defendant Nos. 1, 2, 3, 4. Defendant No 7 watched as Plaintiff was unlawfully ejected from a public meeting for silently filming. Defendant No 7 both had a duty to act and negligently failed to act to support and defend the constitutional right to freedom of the press of the Plaintiff.

Claim 8: Andy Holleman, (Defendant No 8), an elected Anchorage School Board member on or about November 1, 2021 violated Plaintiff right to freedom of the press. Defendant No 5 although not directly responsible for oversight and maintaining order at the meeting swore an oath to defend the Constitutional rights of citizens at meetings. Defendant No 5 sat by silently and did not challenge the unlawful activity of Defendant Nos. 1, 2, 3, 4. Defendant No 5 watched as Plaintiff was unlawfully ejected from a public meeting for silently filming. Defendant No 5 both had a duty to act and

negligently failed to act to support and defend the constitutional right to freedom of the press of the Plaintiff.

Claim 9: Dora Wilson, (Defendant No 9), an elected Anchorage School Board member on or about November 1, 2021 violated Plaintiff right to freedom of the press. Defendant No 5 although not directly responsible for oversight and maintaining order at the meeting swore an oath to defend the Constitutional rights of citizens at meetings. Defendant No 5 sat by silently and did not challenge the unlawful activity of Defendant Nos. 1, 2, 3, 4. Defendant No 5 watched as Plaintiff was unlawfully ejected from a public meeting for silently filming. Defendant No 5 both had a duty to act and negligently failed to act to support and defend the constitutional right to freedom of the press of the Plaintiff.

Claim 10: Pat Higgins, (Defendant No 10), an elected Anchorage School Board member on or about November 1, 2021 violated Plaintiff right to freedom of the press. Defendant No 5 although not directly responsible for oversight and maintaining order at the meeting swore an oath to defend the Constitutional rights of citizens at meetings. Defendant No 5 sat by silently and did not challenge the unlawful activity of Defendant Nos. 1, 2, 3, 4. Defendant No 5 watched as Plaintiff was unlawfully ejected from a public meeting for silently filming. Defendant No 5 both had a duty to act and negligently failed to act to support and defend the constitutional right to freedom of the press of the Plaintiff.

The undersigned declares under penalty of perjury that he is the plaintiff in the about action, that has read the above civil rights complaint and that the information contained in the complaint is true and correct.

Executed at  222 West 7th Ave Anchorage, Alaska 99513  on

(Location)

November 1, 2023

(Date)

_____  11/01/2023

(Plaintiff's Original Signature)

Pro Se

P.O. Box 190353

Anchorage, Alaska 99519

(907) 215-0975

Claim 11: Anchorage School District, (Defendant No 11) is an entity of the state of Alaska, on or about November 1, 2021 violated Plaintiff right to equal protection of the laws. The Anchorage School District, a state entity and its employees, state employees, are bound by the Fourteenth Amendment of the United States Constitution to support and defend the Bill of Rights of citizens of their state. Anchorage School District violated Plaintiff right to be treated equally as other members of the community. As stated by Mr Donley he was unsure how the meeting could continue, "If the Chair can just tell anyone she wants to stop filming" who is otherwise not being disruptive. Only 1 elected official that day or employee of the Anchorage School District spoke up to defend the equal right of the Plaintiff to freedom of the press.

**F. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. Damages in the amount of $50,000
2. First Amendment Rights training ordered for all Anchorage School Board members and staff as part of a yearly training.

Plaintiff Demands Trial By Jury. YES. **X**

DECLARATION UNDER PENALTY OF PERJURY