# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NIAL WILLIAMS,

        Plaintiff,

v.

BELLAMY, *et al.*,

        Defendants.

Case No. 3:23-cv-00252-JMK

## SCREENING ORDER

On November 1, 2023, self-represented litigant Nial Williams ("Plaintiff") filed a complaint, a civil cover sheet, and an application to waive payment of the filing fee.[1] Plaintiff alleges that or about November 1, 2021, he was sitting and silently recording the Anchorage School Board meeting when he was told to stop because he was "disturbing others."[2] Plaintiff claims that based on previously agreed upon conditions of attending School Board Meetings, he "promptly and courteously" left.[3] Plaintiff claims Defendants violated his First Amendment rights by stopping him from recording the meeting and then rejecting him from the meeting. For relief, Plaintiff seeks damages in the amount of $50,000 and implementation of a yearly

---

[1] Dockets 1–3.

[2] Docket 1 at 6.

[3] Docket 1 at 7.

first amendment rights training for all Anchorage School Board members and staff.[4]

The Court now has screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Accepting the allegations as true, construing the pleading in the light most favorable to Plaintiff, and resolving all doubts in Plaintiff's favor,[5] Claims 1–4 and 6–7 are plausible under the First Amendment and may proceed to the next stage of litigation. However, as discussed below, Plaintiff has not stated viable claims against Deena Bishop, Dora Wilson, Andy Holleman, or Pat Higgins. Therefore, Claims 5 and 8–10 are dismissed. Further, the Court is unaware of the contents of any agreement that may exist between Plaintiff and the Anchorage School Board and unclear on how it may affect Plaintiff's claims.

Therefore, Plaintiff is accorded **30 days** to file an amended complaint curing the deficiencies identified in this order, or he may voluntarily dismiss Deena Bishop, Dora Wilson, Andy Holleman, and Pat Higgins and proceed only on his remaining claims. The Court has jurisdiction under 28 U.S.C. § 1343.

---

[4] Docket 1 at 16. In an attachment, which appears to be a copy of a previous demand letter, Plaintiff requested $1 from each Defendant, personally handwritten apologies to be published in the newspaper, verbal apologies to be spoken aloud at the next school board meeting, and an order "rescinding [his] order of trespass." Docket 1-1 at 1–3.

[5] *See Hebbe v. Plier*, 627 F.3d 338, 342 (9th Cir. 2010) ("[O]ur 'obligation' remains [after *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)], 'where the petitioner is *pro se,* particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'") (citation omitted)).

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al*.
Screening Order
Page 2 of 12
Case 3:23-cv-00252-JMK   Document 5   Filed 07/03/24   Page 2 of 12

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[6] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[7]

In conducting its screening review, a district court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[8] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[9] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[10]

---

[6] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000).

[7] 28 U.S.C. § 1915(e)(2)(B).

[8] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[9] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[10] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al*.
Screening Order
Page 3 of 12
Case 3:23-cv-00252-JMK   Document 5   Filed 07/03/24   Page 3 of 12

## DISCUSSION

### I. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[11] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[12] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[13] A complaint is insufficiently plead if it offers "naked assertions devoid of further factual enhancement."[14]

### II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[12] Fed. R. Civ. P. 8(a)(2).

[13] *Id.*

[14] *Id.* (internal citations and quotations omitted).

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al.*
Screening Order
Page 4 of 12
Case 3:23-cv-00252-JMK   Document 5   Filed 07/03/24   Page 4 of 12

statutes.[15] A defendant in a civil rights lawsuit must be a "person."[16] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[17] To be deprived of a right, the defendant's action needs to violate either rights guaranteed by the Constitution or an enforceable right created by federal law.[18] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[19]

A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and the plaintiff must allege an affirmative link between the injury and the conduct of that defendant.[20] Often referred to as causation, a plaintiff must show how the defendant's action, or lack thereof, caused his injury of common law, constitutional, or statutory rights.[21] The causation inquiry "must be *individualized* and focus on the duties and responsibilities of *each*

---

[15] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[16] 42 U.S.C. § 1983.

[17] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[18] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[19] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[20] *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

[21] *Allen v. Wright*, 468 U.S. 737, 751 (1984).

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al*.
Screening Order
Page 5 of 12

individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."[22]  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.[23]

## III.  Plaintiff's Claims 5 and 8–10

In Claims 5 and 8–10, Plaintiff claims Anchorage School Board members Deena Bishop, Dora Wilson, Andy Holleman, and Pat Higgins violated his rights due to their inaction.  Plaintiff concedes none of these Defendants were "directly responsible for oversight and maintaining order" but believes they "had a duty to act and negligently failed to act to support and defend the constitutional right to freedom of the press of the Plaintiff."[24]

However, Plaintiff does not identify the specific legal provision(s) that these defendants allegedly violated nor allege any facts showing entitlement to relief under those laws as a result of the alleged violations.  Plaintiff is correct that state and local employees in Alaska are required to take an oath to support and defend both the U.S. Constitution and the Alaska Constitution before they can enter upon their duties.  This oath explicitly commits them to faithfully discharge their duties to the best of their abilities,[25] and the Alaska Constitution and statutes impose specific

---

[22] *Leer v. Murphy,* 844 F.2d 628, 633 (9th Cir. 1988) (emphasis added).

[23] *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

[24] Docket 1 at 11, 13–14.

[25] Alaska Const. Art. XII, § 5; Alaska Stat. § 39.05.045.  *See also Denardo v. Anchorage,* 775 P.2d 515 (Alaska 1989).

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al.*
Screening Order
Page 6 of 12
Case 3:23-cv-00252-JMK   Document 5   Filed 07/03/24   Page 6 of 12

duties on public officers and employees, including the duty to uphold the constitution.[26]

However, there is generally no private right of action that allows an individual to sue a state or local employee for violating their duty of care or duty to uphold the constitution under federal or state law. A generalized duty to enforce state or federal law will not subject an official to suit. As stated above, Section 1983 only imposes liability for violations of rights protected by the Constitution or federal statute. Therefore, unless the conduct of the state or local employee violates a clearly established constitutional or federal statutory right, there generally is no private right of action available under the current legal framework within the Ninth Circuit. Similarly, Plaintiff has not alleged any facts showing the existence of a legal duty owed to him by these Defendants and how that duty was breached. Similarly, Alaska has not recognized direct tort claims based on violations of the state constitution,[27] and the Court is unaware of any statute, regulation, contract, undertaking, preexisting relationships, or common law giving rise to a duty of care required to give rise to a state negligence tort claim.[28] Further, Alaska law

---

[26] *Planned Parenthood of the Great Northwest v. State*, 375 P.3d 1122 (Alaska 2016); *Sagoonick v. State,* 503 P.3d 777 (Alaska 2022).

[27] *See Adkins v. Stansel,* 204 P.3d 1031, 1034 (Alaska 2009) ("Although federal law allows direct tort actions for some violations of the federal constitution, we have not recognized a private right of action for damages based on a violation of the Alaska Constitution. We have indicated only that we will not recognize such a remedy if the constitutional violation is not flagrant or if alternative remedies exist." (internal citations omitted)).

[28] *See United States ex rel. N. Star Terminal & Stevedore Co. v. Nugget Constr., Inc.,* 445 F. Supp. 2d 1063, 1075 (Alaska 2006) (noting that under Alaska law, the initial step in deciding

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al*.
Screening Order
Page 7 of 12
Case 3:23-cv-00252-JMK   Document 5   Filed 07/03/24   Page 7 of 12

specifically provides immunity to the state and its employees from tort claims based on the exercise or performance, or the failure to exercise or perform, a discretionary function or duty, regardless of whether the discretion involved is abuse. [29]

In this case, Plaintiff alleges these defendants "sat by silently and did not challenge the unlawful activity" of the other named defendants.[30] Even liberally construed, Plaintiff has not stated plausible Section 1983 claims against Deena Bishop, Dora Wilson, Andy Holleman, or Pat Higgins or any state law claims over which the Court could establish supplemental jurisdiction.[31] Therefore, Claims 5 and 8–10 are DISMISSED. Although amendment likely is futile, the Court grants Plaintiff leave to file an amended complaint. In the alternative, Plaintiff may voluntarily dismiss these individuals as defendants and proceed on his remaining claims.

## CONCLUSION

Within **30 days** of the date of this order, Plaintiff must file either: (1) an amended complaint, or (2) a notice voluntarily dismissing Deena Bishop, Dora

---

whether an action for negligence can be maintained is to consider whether a duty exists); *see Hawks v. State,* 908 P.2d 1013, 1016 (Alaska 1995) ("The first step in determining whether a negligence action can be maintained is to determine whether the defendant owed the plaintiff a duty of care under the circumstances."). *See also Karen L. v. Dep't of Health & Soc. Servs.,* 953 P.2d 871, 875 n.9 (Alaska 1998) (noting that sources of actionable duties include statutes, regulations, certain contracts, express undertakings, or fiduciary relationships).

[29] Alaska Stat. § 09.50.250.

[30] Docket 1 at 11, 13–14.

[31] 28 U.S.C. § 1367. *See generally United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al.*
Screening Order
Page 8 of 12

Wilson, Andy Holleman, and Pat Higgins, using the form provided with this order, and then this case will proceed solely on his remaining claims against the remaining Defendants.

An amended complaint replaces the prior complaint in its entirety.[32] Therefore, Plaintiff must include all claims he seeks to bring in an amended complaint, including restating his remaining claims. Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[33] An amended complaint need not contain legal research or analysis, but it must contain sufficient facts that state a plausible claim for relief. A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated claims. An amended complaint may not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint must set out each claim for relief separately. Each claim should identify (1) the specific injury that the plaintiff is alleging has occurred, (2) when that injury

---

[32] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[33] Fed. R. Civ. P. 8(a)(2).

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al.*
Screening Order
Page 9 of 12
Case 3:23-cv-00252-JMK   Document 5   Filed 07/03/24   Page 9 of 12

occurred, (3) where that injury was caused, and (4) who the plaintiff is alleging caused that specific injury.

**IT IS THEREFORE ORDERED:**

1. The Complaint has been screened pursuant to 28 U.S.C. § 1915(e)(2)(B). Liberally construed, Claims 1–4 and 6–7 contain sufficient facts that, accepted as true, state plausible claims for relief under the First Amendment which may proceed to the next stage of litigation.

2. However, Claims 5 and 8–10 are **DISMISSED**.

3. Plaintiff is accorded **30 days** from the date of this order to file one of the following:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to dismiss certain defendants from this case and proceed only on his claims against the remaining defendants.

4. Plaintiff shall not attempt service of the Complaint until the Court issues an Order Directing Service that explains the requirements of completing service.

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al*.
Screening Order
Page 10 of 12
Case 3:23-cv-00252-JMK   Document 5   Filed 07/03/24   Page 10 of 12

5.     If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court form, the case may be dismissed without further notice to Plaintiff.

6.     Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of this action.

7.     Plaintiff's application to waive payment of the filing fee at **Docket 3 is GRANTED.**

8.     Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[34] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9.     At all times, all parties shall keep the Court informed of any change of address or phone number.  Such notice shall be titled "Notice of Change of Address."  The Notice shall contain only information about the change of address, and its effective date.[35]  The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[34] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[35] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al*.
Screening Order
Page 11 of 12
Case 3:23-cv-00252-JMK   Document 5   Filed 07/03/24   Page 11 of 12

Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS15, with "FIRST AMENDED" written above the title; (2) form PS09B, "Notice of Voluntary Dismissal – Case or Defendant"; and (3) form PS23, Notice of Change of Address.

DATED this 3rd day of July, 2024, at Anchorage, Alaska.

*/s/Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00252-JMK, *Williams v. Bellamy, et al.*
Screening Order
Page 12 of 12
Case 3:23-cv-00252-JMK   Document 5   Filed 07/03/24   Page 12 of 12