# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

NIAL SHERWOOD WILLIAMS,

    Plaintiff,

v.

MARGO BELLAMY, *et al.,*

    Defendants.

Case No. 3:23-cv-00252-SLG

## ORDER DIRECTING SERVICE

On August 5, 2024, self-represented litigant Nial Sherwood Williams ("Plaintiff") filed a First Amended Complaint ("FAC").[1] The Court previously screened Plaintiff's original complaint in an order filed at Docket 5. There, the Court determined that Claims 1-4 and 6-7 of the original complaint stated plausible claims against several of the named Defendants, but dismissed Claims 5 and 8-10. Plaintiff was accorded leave to file an amended complaint, and Plaintiff has done so. The FAC has withdrawn former Claims 5 and 8-10 against the defendants that were named in each of those claims.

The Screening Order did not address former Claim 11, now renumbered as Claim 7, which asserts an equal protection claim against the Anchorage School District as follows: "Anchorage School District violated Plaintiff['s] right to be

---

[1] Docket 12.

treated equally as other members of the community." Claim 7 of the FAC, as written, does not state a viable cause of action against the school district and is accordingly DISMISSED and the Anchorage School District is DISMISSED from this action. *See generally Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Plaintiff must not serve the Anchorage School District. If Plaintiff seeks to pursue a claim against the Anchorage School District, he must file a motion to amend the FAC to state such a claim.

In light of the foregoing, Plaintiff's case may proceed to the next stage of litigation against the six remaining individual Defendants.

The Court has jurisdiction under 28 U.S.C. § 1331.

**IT IS THEREFORE ORDERED:**

1.  Liberally construed, Claims 1 through 6 of the First Amended Complaint contains sufficient facts, that accepted as true, state plausible claims for relief under the First Amendment. Claim 7 is DISMISSED.

2.  Plaintiff shall proceed with the steps outlined in this order to ensure that service of process on each Defendant (but not the Anchorage School District) is completed no later than **ninety (90) days from the date of this order**.[2] This means that within 90 days of the date of this order, Plaintiff must serve a copy of the First Amended Complaint and the Court-issued Summons on each Defendant

---

[2] *See* Fed. R. Civ. P. 4(m).

Case No. 3:23-cv-00252-SLG, *Williams v. Bellamy, et al.*
Order Directing Service
Page 2 of 8
Case 3:23-cv-00252-SLG    Document 8    Filed 12/27/24    Page 2 of 8

in a manner authorized by Rule 4 of the Federal Rules of Civil Procedure, and file with this Court proof that such service has been completed.

3. Plaintiff must be ready to diligently pursue the case to completion. Missing a deadline or failing to pursue a case may result in the dismissal of this action.

4. The Clerk of Court shall send **six summons forms (AO 440)** to Plaintiff with this order.

5. Plaintiff must return a completed summons form for each individual Defendant to the Court.

6. If the summons forms have been properly completed by Plaintiff, they will be issued by the Clerk and returned to Plaintiff. Plaintiff should make copies for his records.

7. Plaintiff must follow Rule 4(e) of the Federal Rules of Civil Procedure to properly effectuate service upon an individual.

8. In the event Plaintiff elects to serve a Defendant pursuant to Federal Rule 4(e)(1), Plaintiff must follow Alaska state law. The Alaska Court System provides a handbook for serving summonses in a civil lawsuit on its website at: https://courts.alaska.gov/forms (Form CIV-106).

Case No. 3:23-cv-00252-SLG, *Williams v. Bellamy, et al.*
Order Directing Service
Page 3 of 8
Case 3:23-cv-00252-SLG    Document 8    Filed 12/27/24    Page 3 of 8

9. The requirements of service are not considered met until proof of such service is filed with the Court within **ninety (90) days of this order**.[3]

10. Each Defendant shall have **21 days** after being served with the FAC and Court-issued summons to file an Answer or otherwise respond.

11. All future papers sent to the Court must be identified with the name of the Court, the case number, the name of Plaintiff, the name of the first-listed Defendant, and the title of the document, as illustrated on the first page of this order.[4]

12. After a Defendant has appeared in this action, Plaintiff shall serve a copy of all his further filings to the Court upon that Defendant or, if an appearance has been entered by counsel for a Defendant, on that Defendant's attorney(s).[5] Plaintiff shall include with any original paper he files with the Court a certificate stating the date on which an exact copy of the document was mailed to Defendant's counsel. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was mailed, first class, U.S. mail, to (name of Defendant's attorney) at (address) on (date).

---

[3] Fed. R. Civ. P. Rule 4(l)(1).

[4] *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.").

[5] *See* Fed. R. Civ. P. 5.

Case No. 3:23-cv-00252-SLG, *Williams v. Bellamy, et al.*
Order Directing Service
Page 4 of 8
Case 3:23-cv-00252-SLG    Document 8    Filed 12/27/24    Page 4 of 8

<u>(Signature)</u>

Any paper received by a District Judge or Magistrate Judge that does not include a Certificate of Service indicating that each Defendant was served with a copy of that document will be disregarded by the Court.

13. A motion should contain the information identified in the caption of this order and should be titled "Motion for (<u>add the relief requested</u>)." In a motion, a party should state specifically and concisely what he or she wants so that the Court understands what the party is requesting, along with any relevant legal authority that supports the party's request. This Court's Local Civil Rule 7.1(b) requires that each motion be filed with a proposed order that the Court can issue if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

14. All documents filed with the Clerk of Court must contain an original signature. Self-represented litigants must file all documents conventionally, unless otherwise permitted by an order of the Court.[6] Conventional filing means the original paper documents are provided to the Clerk's office either in person or by mail.[7] If filing by mail, the documents must be mailed to the Court at the following address:

---

[6] *See* Federal Rules of Civil Procedure, including Fed. R. Civ. P. 5, 5.2, and 6, and District of Alaska Local Civil Rules 5.3, 7.3, 7.5, and 79.2(c).

[7] District of Alaska Local Civil Rule 1.1(b)(5).

Case No. 3:23-cv-00252-SLG, *Williams v. Bellamy, et al.*
Order Directing Service
Page 5 of 8
Case 3:23-cv-00252-SLG    Document 8    Filed 12/27/24    Page 5 of 8

U.S. District Court
222 West 7th Avenue, #4
Anchorage, Alaska 99513

15. When a litigant mails a document to the Court, the litigant will receive a Notice of Electronic Filing ("NEF") from the Court that will indicate when that document was filed on the docket and the docket number of the document in the electronic case file for the case.

16. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send important original documents or documents that cannot be replaced to the Court. If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

17. Copies of documents filed with the Court may be obtained from the Clerk's office for $0.50 per page.[8] There is no charge for viewing case information or documents at courthouse public access terminals. Documents printed from the public access terminals at the Clerk's office cost $0.10 per page. Litigants also may set up their own account for online access to electronic records through the Public Access to Court Electronic Records (PACER) service. If a plaintiff chooses to access court records electronically through PACER, the fee is $0.10 per page

---

[8] Alaska Local Civil Rule 79.2(b).

Case No. 3:23-cv-00252-SLG, *Williams v. Bellamy, et al.*
Order Directing Service
Page 6 of 8
Case 3:23-cv-00252-SLG    Document 8    Filed 12/27/24    Page 6 of 8

retrieved, and the charge for any single document has a cap of $3.00, which is equivalent to 30 pages.[9] PACER does not charge for access until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.[10] In the event of special circumstances or serious financial need, a litigant may file a motion asking for the copying costs to be waived or reduced prior to accruing charges.[11]

18. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[12] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of this action.

19. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[13] The Notice shall not include requests for any other relief.

---

[9] PACER, Electronic Public Access Fee Schedule, https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule (last accessed Oct.12, 2024).

[10] PACER, Pricing Frequently Asked Questions, https://pacer.uscourts.gov/help/faqs/pricing (last accessed Oct. 12, 2024).

[11] *See* PACER, Options to Access Records if You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed Nov. 7, 2024).

[12] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[13] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's

Case No. 3:23-cv-00252-SLG, *Williams v. Bellamy, et al.*
Order Directing Service
Page 7 of 8
Case 3:23-cv-00252-SLG    Document 8    Filed 12/27/24    Page 7 of 8

A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If Plaintiff fails to keep a current address on file with the Court, that may result in dismissal of the case without further notice to Plaintiff.

20. All case-related inquiries should be directed to the Clerk's office. It is not permissible to write, telephone, or otherwise try to directly communicate with the judge assigned to your case. A plaintiff may contact the Clerk's office for questions regarding Court procedures or assistance accessing legal forms and resources. Please note that Clerk's office staff are prohibited by law from providing legal advice.

DATED this 27th day of December 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

current address and telephone number").

Case No. 3:23-cv-00252-SLG, *Williams v. Bellamy, et al.*
Order Directing Service
Page 8 of 8
Case 3:23-cv-00252-SLG    Document 8    Filed 12/27/24    Page 8 of 8